UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS YOUNG,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No.: 16cr265 (LMB)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT NICHOLAS YOUNG'S NOTICE OF FILING

Defendant Nicholas Young, through his undersigned counsel, files this Notice to

supplement the record regarding his motion to suppress items seized in August 2016 from his

home, backpack, pickup truck and workplace locker (the "Motion").  ECF 69.  The Motion noted

that the warrant applications for the August 2016 searches and seizures contained certain false

representations.  ECF 76, p. 7.  Specifically, a warrant application section entitled "Evidence Is

Likely to be Found in the Residence" stated:

> Based on my knowledge, training and experience, as well as that of other agents assigned to this investigation from the FBI, I know that individuals generally keep important documents and financial records in their home or office.  Inasmuch as Young is employed at various locations for the transit police so that he does not have a permanent office at any particular site, I believe that his residence is the location in which he keeps his important records.
>
> These records include records relating to income, assets, and expenditures, and are likely to be relevant to his purchase of gift cards for transmission to CHS and ISIL in July 2016, as well as assets that he sought to send overseas in 2015.  Such records are also likely to be relevant to *his contacts with terrorist groups in the past, and his past travel or attempts to travel overseas to fight on behalf of terrorist groups*.

ECF 69-3 (Aff. in Supp. of Search Warrant, p. 3) (emphasis added); 69-4 (Aff. in Supp. Of Search
Warrant, p. 6).

1

The Motion requested a hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because, contrary to the search warrant application representations, Mr. Young has never had "contacts with terrorist groups in the past," nor has he "attempt[ed] to travel overseas to fight on behalf of terrorist groups." ECF 76, p. 7.  Following the Court's denial of the Motion, ECF 78, Mr. Young served a discovery letter, dated March 12, 2017, on the government requesting that it identify, with respect to each of the aforementioned representations: (1) each "terrorist group"; (2) whether the terrorist groups are/were foreign terrorist organizations (FTO) and if so when they were so designated; (3) the nature, extent and length of the contacts; (4) when the knowledge informing this representation was acquired and by which government personnel; and (5) how the knowledge informing this representation was acquired.  Among other cases, the letter cited *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Fisher*, 711 F.3d 460, 469 (4th Cir. 2013) (*Brady* rule applies to pretrial proceedings).

This Notice is to supplement the record with the government's response, which is attached hereto as Exhibit 1.  In its letter the government asserts that the inaccurate warrant application statements "constituted no representation [] that the agents already had evidence (not previously described or incorporated) of Young's contacts or travels in the past, but simply described evidence for which the agents sought authority to search." Exh. 1, Ltr. from Gordon Kromberg, dated March 22, 2017, pp. 1-2.

The sentence immediately preceding the inaccurate representations concerning Mr. Young's prior contacts and association with "terrorist groups" stated: "These records include records relating to income, assets, and expenditures, and are *likely to be relevant to his purchase of gift cards for transmission to CHS and ISIL in July 2016, as well as assets that he sought to send overseas in 2015*."  ECF 69-3; 69-4 (emphasis added).  The government specifically alleges

2

that Mr. Young sent gift cards to the CHS and sought to send money overseas.  ECF 2, pp. 12-

16.  The records sought in this sentence are described as "relevant to" these pleaded allegations.

ECF 69-3; 69-4.  In the next sentence – and in identical language – the warrant applications seek

records "relevant to" Mr. Young's "contacts with terrorist groups in the past" and "attempts to

travel overseas to fight on behalf of terrorist groups." *Id.*  However, following the hearing on the

Motion, the government represents that these statements were not "representations" to the

magistrates about "facts" concerning Mr. Young, but were merely hypothetical topics that might

have been embodied in records in his home and other locations.

Thus, the government appears to contend that, on reviewing the search warrant

applications, the magistrates were not led to believe that Mr. Young had "contacts with terrorist

groups in the past" and "attempt[ed] to travel overseas to fight on behalf of terrorist groups."

Dated: March 22, 2017

**DAVID B. SMITH, PLLC**

*/s/ David B. Smith*
David B. Smith (VA Bar No. 25930)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

*/s/ Nicholas D. Smith*
Nicholas D. Smith (admitted *pro hac vice*)
7 East 20th Street
New York, NY 10003
Phone: (917) 722-1096
nds@davidbsmithpllc.com

**Certificate of Service**

I hereby certify that on the 22nd day of March, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> AUSA Gordon D. Kromberg
> U.S. Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> gordon.kromberg@usdoj.gov

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].


*/s/ David B. Smith*
David B. Smith
VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com