IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:16-CR-00265 |
| | ) | |
| NICHOLAS YOUNG | ) | |

GOVERNMENT'S MOTION TO AMEND THE INDICTMENT

The United States moves to amend the indictment to delete the phrase "attempt to corruptly persuade another person, and" from Paragraph 2 of Count 3, and also to delete the five words "a law enforcement officer or" from Paragraphs 2 and 3 of Count 3.  This phrase and those five words set forth alternate ways in which the charged offense could be committed, but those alternate ways are not relevant to the facts at issue in this case.  As a result, this phrase and those five words are surplusage; deleting them will make Count 3 easier to explain to the jury, and easier for the jury to consider.[1]

    In pertinent part, Paragraph 2 of Count 3 of the indictment provides:

> Between on or about December 3, 2015, and December 5, 2015 . . . defendant Nicholas Young did knowingly and unlawfully attempt to corruptly persuade another person, and engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer or judge of the United States of information relating to the possible commission of a federal offense.

    As amended, it would provide:

> Between on or about December 3, 2015, and December 5, 2015 . . . defendant Nicholas Young did knowingly and unlawfully engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a judge of the United States of information relating to the possible commission of a federal offense.

---

[1] Defense counsel has notified the government that they oppose this motion.

In pertinent part, Paragraph 3 of Count 3 of the indictment provides:

> to hinder, delay, and prevent those special agents of the JTTF from communicating to a law enforcement officer or judge of the United States information for a search warrant or an arrest warrant involving the possible commission by M of an attempt to provide material support to ISIL, YOUNG falsely told the JTTF special agents that (a) M had left the United States to go on a vacation tour in Turkey . . . .

As amended, it would provide:

> to hinder, delay, and prevent those special agents of the JTTF from communicating to a judge of the United States information for a search warrant or an arrest warrant involving the possible commission by M of an attempt to provide material support to ISIL, YOUNG falsely told the JTTF special agents that (a) M had left the United States to go on a vacation tour in Turkey . . . .

At trial, the United States will make no allegation that the defendant attempted to "corruptly persuade" another person to obstruct justice. As the Court can see from the selections above, deletion from Paragraph 2 of Count 3 of the phrase "attempt to corruptly persuade another person, and" would eliminate a reference to a way by which the offense could be committed that is irrelevant to the case at hand. The same is true for the deletion of the words "a law enforcement officer or" from Paragraphs 2 and 3 of Count 3.

"Where an indictment charges . . . the commission of one offense in several ways, the withdrawal from the jury's consideration of . . . one alleged method of committing it does not constitute a forbidden amendment of the indictment." *United States v. Ashley*, 606 F.3d 135, 142 (4th Cir. 2010), *quoting United States v. Miller,* 471 U.S. 130, 145 (1985). In *Miller,* "the proposition that it constitutes an unconstitutional amendment to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it" was "explicitly rejected" by the Supreme Court *Id.* at 144.

Thus, allegations that are unnecessary to an offense that is clearly contained within the indictment may be stricken by amendment. *United States v. Augustin*, 661 F.3d 1105, 1115 (11th Cir. 2011). Here, the United States seeks to withdraw from the jury's consideration alternate methods of committing the violation charged in Count 3 of the Indictment.

In *United States v. Amri,* 1:17-cr-50 (July 31, 2017), this Court considered the scope of 18 U.S.C. § 1512(b)(3), in the context of false statements made to FBI agents by defendants Amri and Queen about an attempt to join ISIS by Haris Qamar. This Court wrote:

> Section 1512(b)(3) prohibits, among other things, engaging in "misleading conduct toward another person, with intent to ... hinder, delay, or prevent the <u>communication</u> <u>to</u> <u>a</u> <u>law</u> <u>enforcement officer</u> ... of the United States of information relating to the commission or possible commission of a Federal offense[.]" 18 U.S.C. § 1512(b)(3) (emphases added) The key question here is whether "toward another person" includes misleading conduct directed to the same federal law enforcement officers who are being hindered, delayed, or prevented from receiving the communication about the relevant information.

2017 WL 3262254, at 12. In contrast, through the proposed amendment, the charge in this case will allege that the misleading conduct was undertaken to prevent the communication by JTTF officers of information relating to the possible commission of a federal offense to *a judge* of the United States.

In *Amri,* this Court ultimately ruled that, to meet its burden under Section 1512(b)(3), "the government must prove that the defendants engaged in misleading conduct toward someone besides the investigating federal law enforcement agents themselves." *Id*. at 14. In this case, Paragraph 3 of Count 3 of the indictment plainly alleges that the defendant attempted to prevent the JTTF agents from communicating "information for a search warrant or an arrest warrant" to a "judge of the United States." Accordingly, deletion from Count 3 of the indictment of the words "a law enforcement officer or" will avoid the problem identified by the Court in *Amri*. For the

same reasons, it will eliminate the possibility that the jury will be asked to decide whether the defendant in this case attempted to obstruct justice by engaging in misleading conduct towards the JTTF agents in order to prevent the communication of relevant information to those same JTTF agents. Instead, the deletion will focus the jury on the question of whether the defendant in this case attempted to obstruct justice by engaging in misleading conduct towards the JTTF agents in order to prevent the communication of relevant information to a federal judge.[2]

For the foregoing reasons, the Court should allow the amendment of the indictment to delete the phrase "attempt to corruptly persuade another person, and" from Paragraph 2 of Count 3, and also to delete the five words "a law enforcement officer or" from Paragraphs 2 and 3.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:            /s/           
Gordon D. Kromberg
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: gordon.kromberg@usdoj.gov

---

[2] In its *Amri* opinion, this Court distinguished *U.S. v. Veal*, 153 F.3d 1233 (11th Cir. 1998), on the grounds that *Veal* involved misleading conduct towards local police rather than federal officers. *Amri*, 2017 WL 3262254, at 12. In drawing that distinction, the Court did not have the benefit of briefing by the parties; in *Amri,* neither defendant raised the issue that the misleading conduct alleged in Section 1512(b)(3) was directed towards federal rather than state officials. The Court should consider the interpretation of Section 1512(b)(3) anew. *See United States v. Gardner*, 993 F.Supp.2d 1294, 1302 (D.Or.2014) ("Although the legislative purpose and title of the [Victim and Witness Protection Act] may support an argument that 18 U.S.C. § 1512(b)(3) applies only to victims, witnesses, and informants, the plain text of the statute is unambiguous. Therefore, the Court looks no further than the plain meaning of the text."). *See also U.S. v. Ronda*, 455 F.3d 1273 (11th Cir. 2006) (following *Veal*).

Certificate of Service

      I hereby certify that on November 17, I electronically filed the foregoing GOVERNMENT'S MOTION TO AMEND THE INDICTMENT with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                                           /s/
                                       Gordon D. Kromberg
                                       Assistant United States Attorney
                                       Virginia Bar No. 33676
                                       Assistant United States Attorney
                                       Attorney for the United States
                                       2100 Jamieson Avenue
                                       Alexandria, VA  22314
                                       (703) 299-3700
                                       (703) 837.8242 (fax)
                                       gordon.kromberg@usdoj.gov