### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 16cr265 (LMB) |
| | ) |
| NICHOLAS YOUNG, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT NICHOLAS YOUNG'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION TO "AMEND" THE INDICTMENT

Defendant Nicholas Young, through his undersigned counsel, files this opposition to the government's Motion to Amend the Indictment (the "Motion"). (ECF 138.) The Motion should be denied for the following reasons: First, it confuses the rules concerning so-called "constructive amendment" of an indictment – when the proof at trial or a jury instruction permits conviction for an uncharged offense – with "actual amendment," where an indictment is changed in writing after the grand jury returns it but before trial. Because an indictment is the product of grand jury action, the Motion's attempt at an "actual amendment" is forbidden. Second, the Motion attempts to end-run – and render meaningless – this Court's decision in *United States v. Amri*, 17-cr-50, 2017 U.S. Dist. LEXIS 120028 (E.D. Va. July 31, 2017), in which the dismissed charge was virtually identical to the one here. And, finally, the amendment, even if it were not an impermissible "actual amendment," would be futile even with a fresh grand jury impaneled.

### I.     BACKGROUND

Defendant Young was arrested in August 2016. An indictment was returned on December 15, 2016. (ECF 38.) Almost a year later, on November 15, 2107, the government emailed the defense and inquired whether they would object to a "motion to strike" the words "a

1

law enforcement officer or" from Paragraphs 2 and 3 of Count 3 of the indictment. The same day, the defense emailed a response, requesting an explanation for the change. The government responded as follows:

> As far as the motion to strike goes, [the government thinks] that deletion of the words make the charge easier to understand. The deleted words apply to a method of violating the law that does not apply to what we are trying to prove in this case. Our theory of Count 3 is that your client engaged in misleading conduct towards FBI agents with the intent to hinder, delay, and prevent the communication to a judge of the United States of information relating to the possible commission of a federal offense. As a result, inclusion of the words "a law enforcement officer or" injects into the case an alternate way of committing the offense that is not what we are trying to prove.

The government's response did not make mention of this Court's decision, in July of this year, in *United States v. Amri*, 17-cr-50, 2017 U.S. Dist. LEXIS 120028 (E.D. Va. July 31, 2017). The defense informed the government they would file an opposition, as the statutory formulation the government is attempting to "strike" shows why Count 3 fails.

In *United States v. Amri*, the third count of the indictment read as follows:

THE GRAND JURY FURTHERCHARGES THAT:

On or about June 24, 2016, in Fairfax County within the Eastern District of Virginia, defendants SOUFIAN AMRI and MICHAEL QUEEN did knowingly and unlawfully engage in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication ***to a law enforcement officer <u>or judge of the United States</u>*** of information relating to the possible commission of a Federal offense. In specific: (a) AMRI and QUEEN believed that certain Special Agents of the Federal Bureau of Investigation ("FBI") were investigating whether individuals known to AMRI and QUEEN had attempted to provide material support to ISIS, a designated foreign terrorist organization; (b) AMRI and QUEEN knew that Haris Qamar supported ISIS and, in 2014, attempted to travel overseas for the purpose of joining ISIS; and (c) AMRI and QUEEN each engaged in misleading conduct ***by telling the FBI*** that the only person they knew who might support ISIS, or travel overseas for the purpose of joining ISIS, was a "tall, thin, Indian" individual, and AMRI and QUEEN described that individual ***in a way that was intended to hinder, delay, and prevent the communication to the FBI, <u>and from the FBI to a judge of the United States</u>***, of information for a search warrant, and an arrest warrant, involving Qamar's support of ISIS and Qamar's attempt to join ISIS.

(Indictment, 17-cr-50, ECF 31, p. 5.) (emphasis added).

In this case, the third count of the Indictment (not incidentally, the same count number as

in *Amri*) reads as follows:

<u>OBSTRUCTION OF JUSTICE</u>

   1.  Paragraphs 1 and 2 of Count 1 of this Indictment are incorporated by reference.

   2.  Between on or about December 3, 2015, and December 5, 2015, in Fairfax
County, in the Eastern District of Virginia, defendant NICHOLAS YOUNG did
knowingly and unlawfully attempt to corruptly persuade another person, and engage in
misleading conduct toward another person, ***with intent to hinder, delay, and prevent the
communication to a law enforcement officer <u>or judge of the United States</u> of information
relating to the possible commission of a federal offense***.

   3.  In specific, NICHOLAS YOUNG believed that particular special agents of the
FBI's Joint Terrorism Task Force ("JTTF") were investigating whether an individual
referred to here as "M" had joined or conspired to join the designated foreign terrorist
organization known as ISIL; to hinder, delay, and ***prevent those special agents of the JTTF
from communicating to a law enforcement officer <u>or judge of the United States</u>***
information for a search warrant or an arrest warrant involving the possible commission by
M of an attempt to provide material support to ISIL, ***YOUNG falsely told the JTTF special
agents*** that (a) M had left the United States to go on a vacation tour in Turkey approximately
one year earlier, when YOUNG instead believed that M had gone to Turkey to go from there
to join and fight for ISIL; and (b) YOUNG knew of no one with whom M had spoken to for
guidance on making his travel, when YOUNG instead knew that YOUNG himself had given
extensive guidance to M on how to travel overseas from the United States to join ISIL.

(All in violation of Title 18, United States Code, Section 1512(b)(3).)

(ECF 38, p. 4.) (emphasis added).

   The indictment in this case was filed on December 15, 2016. This Court issued its

decision in *United States v. Amri* on July 31, 2107.

## II.    ARGUMENT

### A.    Legal Standard

There are two types of modifications of the charges contained in a grand jury indictment

– amendments and variances:

An *amendment* of the indictment occurs when the charging terms of the indictment are
altered, either literally or in effect, by prosecutor or court after the grand jury has last passed

upon them. A *variance* occurs when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*Gaither v. United States*, 134 U.S. App. D.C. 154, 413 F.2d 1061, 1071 (D.C. Cir. 1969) (footnotes omitted).

An amendment "is considered *per se* prejudicial because it effects a direct infringement upon the fifth amendment guarantee that 'no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.' When the charging terms of an indictment are effectively altered, the accused is held answerable for a charge not levied through the protective device of a grand jury." *United States v. Ford*, 872 F.2d 1231, 1235 (6th Cir. 1989); *Muncy v. United States*, 289 F. 780, 781 (4th Cir. 1923) ("[I]t is too well settled [even in 1923] to require citation of authority that an information, *unlike an indictment*, may be amended by leave of court) (citing William Murray, 1st Earl of Mansfield) (emphasis added); *see also* Stephen A. Salzburg & David A. Schlueter, Federal Criminal Procedure Litigation Manual § 7-2[H][1] (2015) ("An actual amendment occurs when an indictment is changed in writing after the grand jury returns it . . . . Rule 7(e) authorizes a court to permit *an information* to be amended, usually to correct a clerical error, at any time before jury verdict or court finding, if no additional or different offense is charged and there is no prejudice to a defendant's substantive rights.  Because *an indictment* is the product of grand jury action, *it cannot be amended*.") (emphasis added).

### B.    The Motion Requests an Impermissible Actual Amendment of Indictment

The Motion plainly seeks an "actual amendment" of the Indictment.  (ECF 138, p. 1.) ("The United States moves to amend the indictment ….").  For that reason alone, and regardless of the circumstances, it should be denied.  *Muncy*, 289 F. at 781.

## C.     The Charged Conduct Here Makes Amendment Manifestly Inappropriate

In *Amri*, as here, the government attempted to charge a violation of 18 U.S.C. §

1512(b)(3) on the theory that the defendant misled FBI agents, in a way that was intended to

hinder, delay and prevent those agents from communicating information to a "law enforcement

officer *or* judge of the United States." *See supra* pp. 2-3 (emphasis added).  In both cases (*Amri*

and here), the indictments contained the law enforcement officer/judge, binary either/or

formulation.

This Court (*sua sponte*) dismissed the Section 1512(b)(3) charge in *Amri*.  First, the Court

observed that "Section 1512(b)(3) prohibits, among other things, engaging in 'misleading

conduct toward another person, with intent to . . . hinder, delay or prevent the communication to

a law enforcement officer . . . of the United States of information relating to the commission or

possible commission of a Federal offense.'" 2017 U.S. Dist. LEXIS 120028, at *34.

The Court then determined in pertinent part:

> The key question here is whether 'toward another person' includes misleading conduct
> directed to the same federal law enforcement officers who are being hindered, delayed or
> prevented from receiving the communication about relevant information. . . . Although it
> is possible to construe the term 'another person' in isolation to mean any person besides
> the defendant, that reading becomes unnatural in light of the rest of the sentence.  . . . In
> particular, applying the statute to the conduct charged in the indictment would require a
> defendant to have engaged in misleading conduct toward federal law enforcement officers
> with the intent of preventing these same officers from communicating that information to
> themselves.  This interpretation makes little sense. . . .
>
> Other provisions of the Code demonstrate that Congress knows how to criminalize lying
> directly to federal law enforcement officers using more conventional syntax when that is
> its aim. *See*, *e.g.*, 18 U.S.C. § 1001 (prohibiting making 'any materially false, fictitious or
> fraudulent statement or representation").
>
> Additionally, the caption of the section, "Tampering with a witness, victim or an
> informant," reinforces the conclusion that 'another person' has a more circumscribed
> meaning in the context of § 1512(b)(3). . . . **The title clearly indicates that Congress'
> focus when enacting § 1512 was on conduct that prevented *a third party* from
> communicating pertinent information to federal authorities.  Notably absent from the**

**statute's focus on witnesses, victims, and informants is any mention of tampering with, or otherwise misleading federal officers directly. This stands in contrast to other provisions of the Code that more generally address obstruction of justice, including 18 U.S.C. § 1503 ("Influencing or injuring officer or juror generally."); 18 U.S.C. § 1505 ("Obstruction of proceedings before departments, agencies, and committees."); 18 U.S.C. § 1510 ("Obstruction of criminal investigations."); and 18 U.S.C. § 1511 ("Obstruction of state or local law enforcement.").**

**Accordingly, the caption of § 1512 provides strong evidence that § 1512(b)(3) is not violated by directly misleading a federal law enforcement officer. [1]**

2017 U.S. Dist. LEXIS 120028, at *37-38 (emphasis and emboldening added).

In light of *Amri*, amendment would be wholly inappropriate. *At the very least*, *Amri* means that Count 3 in this case fails insofar as it alleges a Section 1512(b)(3) offense predicated on a misrepresentation to FBI agents in a way that was intended to hinder the communication of information to "a law enforcement officer," such as themselves. (ECF 38, p. 4.) And while it is conceivable (though unlikely) that following *Amri* the "another person" referenced in Section 1512(b) may still be a "law enforcement officer," *provided* the intent is to hinder that "person's" communication with a federal "judge," that is demonstrably not the indictment returned *in this case* (after all, the indictment here was filed before the *Amri* decision). Because the Grand Jury returned an indictment in this case that is ambiguous as to whether the "misled" FBI agents[2] were hindered from communicating information to "a law enforcement officer" (themselves) *or* "a judge" *or* both, amending the indictment impermissibly assumes the Grand Jury returned the indictment on a theory that (may have) survived *Amri*, and not on the theory that (explicitly) didn't. *See Ford*, 872 F.2d at 1235 ("When the charging terms of an indictment are effectively

---

[1] The Court goes on to review the legislative history and distinguish contrary precedent. 2017 U.S. Dist. LEXIS 120028, at *39.

[2] Apart from the government's serious *Amri* problems, which affects Counts 2-4 (all charging Section 1512 violations), it also has a problem with the "official proceeding" requirement in Section 1512. *See, e.g.*, *United States v. Gary Ermoian*, 727 F.3d 894, 911 (9th Cir. 2013) (holding that an FBI investigation, much less a fictitious one as here, is not an "official proceeding" under § 1512). All of these arguments will be raised at the appropriate time.

altered, the accused is held answerable for a charge not levied through the protective device of a grand jury.").

The sole Fourth Circuit precedent cited by the government in support of its Motion is *United States v. Ashley*, 606 F. 3d 135, 142 (4th Cir. 2010). *Ashley* did not even concern "actual amendment" of indictments before trial. Instead, the question in *Ashley* was whether the indictment was improperly "constructively amended" at trial ("We now turn to Ashley's contention that the grand jury's charge on Count Three [] was constructively amended."). 606 F. 3d at 141. Constructive amendment occurs "when the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment." *Id.* (*quoting United States v. Malloy*, 568 F.3d 166, 178 (4th Cir. 2009)). In this pre-trial posture, constructive amendment (a type of "variance") is not the issue here; "actual amendment" is the issue.

Accordingly, amendment of the indictment, while always impermissible, is particularly inappropriate in this case.

### D.      Amendment – Or Superseding Indictment – Would Be Futile

Even if the government were permitted to amend an indictment, which it is not, or even if the government could simply impanel a new grand jury for a superseding indictment, the Motion should still be denied because the charge would fail anyway.[3]

The premise of the government's Motion is that, if the Court turns a blind eye to the government's attempt to airbrush the history of the indictment here as an expedient to avoid *Amri*, Count 3 would constitute a valid charge. That premise is false. It is true that in *Amri* this

---

[3] It appears the Court *sua sponte* issued a dismissal of a charge predicated on this theory in *Amri*. Given that Mr. Young has been in jail, including time in solitary confinement, for over a year, he respectfully requests that any decisions on the *merits* of the government's Section 1512 charges follow the opening of trial and swearing-in of first witness.

Court was focused on the nonsensical theory that the defendant's misrepresentations to FBI agents prevented the latter from communicating information to themselves. However, the Court's logic went a bit further than that.

As shown above, the Court determined that "[t]he title [of Section 1512] clearly indicates that Congress' focus when enacting § 1512 was on conduct that prevented *a third party* from communicating pertinent information to federal authorities." 2017 U.S. Dist. LEXIS 120028, at *37 (emphasis added). It determined that "the caption of § 1512 provides strong evidence that § 1512(b)(3) *is not violated by directly misleading a federal law enforcement officer.*" *Id.* (emphasis added).

These holdings mean that even if the Indictment here were retrospectively airbrushed (like an old Soviet photo to remove a purged former comrade) to charge the theory that Mr. Young "misled" FBI agents (about their own informant) who in turn were (notionally) hindered from communicating information to a judge (which would not have happen because this was a fictitious investigation into a fictitious identity who pretended to be Young's friend for 2 years in order to lure him into a gift card crime that may have never happened outside of the government's sting operations in Virginia), the resulting charge would fail.

The statutory exegesis, analysis of precedent, and consideration of legislative history supporting all of this are already found in this Court's decision in *Amri*. 2017 U.S. Dist. LEXIS 120028; *see also Ermoian*, 727 F.3d at 911.

## III.    CONCLUSION

For all the foregoing reasons, the government's Motion to Amend the Indictment should be denied.

Dated: November 19, 2017.

Respectfully submitted.

*/s/ Nicholas D. Smith*
Nicholas D. Smith (VA. Bar. 79745)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
nbs@davidbsmithpllc.com

Linda Moreno (admitted *pro hac vice*)
Linda Moreno P.A.
511 Avenue of the Americas
No. 312
New York, NY 10011
813-247-4500
lindamoreno.esquire@gmail.com

**Certificate of Service**

I hereby certify that on the 19th day of November, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> AUSA Gordon D. Kromberg
> AUSA John Gibbs
> U.S. Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
> gordon.kromberg@usdoj.gov
> john.gibbs@usdoj.gov

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

> */s/ Nicholas D. Smith*
> Nicholas D. Smith
> VA Bar No. 79745
> David B. Smith, PLLC
> 108 North Alfred Street
> Alexandria, Virginia 22314
> (703) 548-8911 / Fax (703) 548-8935
> nds@davidbsmithpllc.com