IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:16-CR-265 |
| v. | ) | |
| | ) | |
| NICHOLAS YOUNG, | ) | |
| | ) | |
| Defendant. | ) | Trial: December 5, 2017 |

<u>PROPOSED JURY INSTRUCTIONS OF DEFENDANT NICHOLAS YOUNG</u>

Defendant Nicholas Young requests that the following substantive instructions be read to

the Jury prior to deliberation:[1]

27. Nature of the Offense – Count One

28. Statute Defining Offense - Count One

29. Elements of the Offense - Count One

30. Designated Foreign Terrorist Organization; Terrorist Activity; Terrorism

31. Material Support or Resources Defined

32. Nature of the Offense - Count Two

---

[1] The government has submitted a separate set of proposed jury instructions. Defendant Young agrees with certain of those instructions, namely Instruction Nos. 1-26: Court's Comments on Certain Evidence; Court's Questions to Witnesses; Court's Comments to Counsel; Objections and Rulings; Evidence Received in the Case – Stipulations, Judicial Notice and Inferences Permitted; Inferences from the Evidence; The Indictment Is Not Evidence; Presumption of Innocence; Burden of Proof – Reasonable Doubt; Consider Only the Offenses Charged; Judging the Evidence; Direct and Circumstantial Evidence; Jury's Recollection Controls; Credibility of Witnesses – Generally; Opinion Evidence – The Expert Witness; Number of Witnesses Called Is Not Controlling; Demonstrative Exhibits Not Received in Evidence; Failure of the Defendant to Testify/Testimony of the Defendant; Credibility of Witnesses – The Defendant as a Witness; "On or About" – Explained; "Knowingly" – Defined; Proof of Knowledge or Intent; Pleading Conjunctive; Proving Disjunctive Evidence Admitted for a Limited Purpose Only; The Question Is Not Evidence; Consider Each Count Separately; Charts and Summaries. By agreeing to the government's proposed instruction concerning "The Expert Witness," Defendant Young does not concede the appropriateness of expert testimony in this case.

33.    Nature of the Offense - Count Four

34.    Statute Defining Offense - Counts Two and Four

35.    Elements of the Offense - Counts Two and Four

36.    Official Proceeding Defined

37     Nature of the Offense - Count Three

38.    Statute Defining Offense - Count Three

39.    Elements of the Offense - Count Three

40.    The Entrapment Defense

41.    Entrapment Analysis

42.    Introduction to the Final Charge – Province of the Court and of the Jury

43.    Verdict - Election of Foreperson - Duty to Deliberate - Unanimity -
       Punishment- Form of Verdict - Communication with the Court
Verdict Form

Date: November 28, 2017

Respectfully submitted.

*/s/ Nicholas D. Smith*
Nicholas D. Smith (VA. Bar. 79745)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
nbs@davidbsmithpllc.com

Linda Moreno (admitted *pro hac vice*)
Linda Moreno P.A.
511 Avenue of the Americas
No. 312
New York, NY 10011
813-247-4500
lindamoreno.esquire@gmail.com

INSTRUCTION NO. 27.

Nature of the Offense - Count One

Count One of the Indictment charges that:

Between on or about December 3, 2015, and on or about August 2, 2016, in Fairfax County in the Eastern District of Virginia and elsewhere, the defendant did knowingly and unlawfully attempt to provide "material support and resources," as that term is defined in Title 18, United States Code, Section 2339A(b), which term is defined to include personnel, money, property or services, to a foreign terrorist organization, to wit, the Islamic State of Iraq and the Levant (ISIL), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, knowing that ISIL had been designated as a foreign terrorist organization, and knowing that ISIL had engaged in, and was engaging in, terrorist activity and terrorism.

(All in violation of Title 18, United States Code, Section 2339B.)

INSTRUCTION NO. 28.

<u>Statute Defining Offense - Count One</u>

Title 18, United States Code, Section 2339B defines the offense of Attempting to Provide

Material Support or Resources to a Foreign Terrorist Organization.  The statute provides in

pertinent part:

> "Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned …. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined [by law]), or that the organization has engaged or engages in terrorism (as defined [by law])."

INSTRUCTION NO.  29.

Elements of the Offense – Count One

Section 2339B of Title 18 makes it a crime for any person to attempt to commit this offense, that is to provide material support or resources to a foreign terrorist organization, knowing that the foreign terrorist organization is designated by the United States as such or that the terrorist organization had engaged or was engaging in terrorist activity or terrorism.

In order to sustain its burden of proof for the crime of attempting to provide material support and resources to a foreign terrorist organization, the government must prove the following essential elements beyond a reasonable doubt:

First, that the defendant knowingly and intentionally attempted to provide material support or resources to a designated foreign terrorist organization;

Second, that the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism; and

Third, that the defendant did some act that, under the circumstances as he believed them to be, was a substantial step toward providing material support or resources to ISIL, also known as ISIS and the Islamic State.

A substantial step is a direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose.  A substantial step is more than mere preparation but less than completion of the crime.

INSTRUCTION NO.  30.

<u>Designated Foreign Terrorist Organization and Terrorist Activity and Terrorism</u>

As explained above, you must find beyond a reasonable doubt that the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism.

The term "foreign terrorist organization" has a particular meaning under this statute.  In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law.  I instruct you as a matter of law that ISIL was designated a foreign terrorist organization on May 14, 2014.[2]

The term "terrorist activity" includes any activity that, if it had been committed in the United States, would be unlawful under the laws of the United States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

---

[2] *See* Bureau of Counterterrorism and Countering Violent Extremism, U.S. State Department, available at: https://www.state.gov/j/ct/rls/other/des/266556.htm.

INSTRUCTION NO.  31.

<u>Material Support or Resources Defined</u>

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (one or more individuals), and transportation, except medicine or religious materials.

The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical, or other specialized knowledge.[3]

---

[3] 18 U.S.C. §  2339A(b)(1),(2),(3).

INSTRUCTION NO. 32.

<u>Nature of the Offense - Count Two</u>

Between on or about December 3, 2015, and December 5, 2015, in Fairfax County, in the Eastern District of Virginia, defendant NICHOLAS YOUNG did knowingly, unlawfully, and corruptly attempt to obstruct and impede an official proceeding. In specific, NICHOLAS YOUNG knew that the FBI was investigating the circumstances of what YOUNG believed to be the attempt of an individual referred to in this trial as "Mo" to travel to join ISIL, a designated foreign terrorist organization. Nevertheless, in an attempt to thwart the investigation and prosecution of Mo and of NICHOLAS YOUNG, himself, for attempting to provide material support to ISIL, NICHOLAS YOUNG attempted to deceive investigators with respect to the destination and purpose of what YOUNG believed to be Mo's travel overseas in 2014.

(In violation of Title 18, United States Code, Section 1512(c)(2).)

INSTRUCTION NO. 33.

Nature of the Offense - Count Four

On or about November 20, 2014, in Fairfax County in the Eastern District of Virginia and elsewhere, defendant NICHOLAS YOUNG did knowingly, unlawfully, and corruptly attempt to obstruct, influence, and impede an official proceeding of the Grand Jury.  In specific, NICHOLAS YOUNG sent a text message to a cell phone that YOUNG believed to be used by an individual referred to in this trial as "Mo" in order to make it falsely appear to the FBI that Mo had left the United States to go on a vacation tour in Turkey when, instead, NICHOLAS YOUNG believed that Mo had gone to Turkey to go from there to Syria in order to join and fight for the designated foreign terrorist organization known as ISIL.

(In violation of Title 18, United States Code, Section 1512(c)(2).)

INSTRUCTION NO. 34

<u>Statute Defining Offense – Counts Two and Four</u>

Title 18, United States Code, Section 1512(c)(2) provides in pertinent part that:

> Whoever corruptly . . . obstructs, influences, or impedes any official
> proceeding, or attempts to do so . . . shall be fined under this title or
> imprisoned . . . .

INSTRUCTION NO. 35

<u>Elements of the Offense – Counts Two and Four</u>

In order to sustain its burden of proof for the crime of obstruction of justice, the government must prove the following essential elements beyond a reasonable doubt:

First, that the defendant unlawfully and knowingly obstructed, influenced, or impeded an official proceeding, or attempted to do so; and

Second, that the defendant did so corruptly.

An "attempt" means the defendant did some act that, under the circumstances as he believed them to be, was a substantial step toward obstructing, influencing, or impeding the official proceeding.

A substantial step is a direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose.  A substantial step is more than mere preparation but less than completion of the crime.

INSTRUCTION NO. 36

Official Proceeding Defined

The term "official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate, a federal grand jury, or a proceeding before a Federal Government agency which is authorized by law.  An FBI investigation does not qualify as an official proceeding.

*See* 18 U.S.C. § 1515(a)(1)(A),(B),(C) ("official proceeding" means "a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury"; "a proceeding before the Congress"; "a proceeding before a Federal Government agency which is authorized by law"); *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013) (FBI investigation is not an "official proceeding"); *see also United States v. Ramos*, 537 F.3d 439, 463 (5th Cir. 2008) ("[T]he term 'official proceeding,' does not apply to routine agency investigations of employee misconduct."), *cert. denied*, 556 U.S. 1127 (2009); *cf United States v. Foster*, 507 F.3d 233 (4th Cir. 2007) (affirming convictions under 1512(b)(3) for obstruction of federal investigation, but argument never made that FBI investigation cannot constitute "official proceeding"); *United States v. Burge*, 711 F.3d 803, 808 (7th Cir. 2013) (defendant's "official proceeding" argument failed but because the parties did not contest that the proceeding in question – a civil suit – qualified as an "official proceeding"); *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009) (concerning obstruction of an actual Grand Jury investigation, not a fictitious FBI investigation that could hypothetically lead to a hypothetical and fictitious Grand Jury investigation).

INSTRUCTION NO. 37

Nature of the Offense - Count Three

Between on or about December 3, 2015, and December 5, 2015, in Fairfax County, in the Eastern District of Virginia, defendant NICHOLAS YOUNG did knowingly and unlawfully attempt to corruptly persuade another person, and engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer or judge of the United States of information relating to the possible commission of a federal offense.

In specific, NICHOLAS YOUNG believed that particular special agents of the FBI's Joint Terrorism Task Force ("JTTF") were investigating whether an individual referred to in this trial as "Mo" had joined or conspired to join the designated foreign terrorist organization known as ISIL; to hinder, delay, and prevent those special agents of the JTTF from communicating to a law enforcement officer or judge of the United States information for a search warrant or an arrest warrant involving the possible commission by Mo of an attempt to provide material support to ISIL, YOUNG falsely told the JTTF special agents that (a) Mo had left the United States to go on a vacation tour in Turkey approximately one year earlier, when YOUNG instead believed that Mo had gone to Turkey to go from there to join and fight for ISIL; and (b) YOUNG knew of no one with whom Mo had spoken to for guidance on making his travel, when YOUNG instead knew that YOUNG himself had given extensive guidance to Mo on how to travel overseas from the United States to join ISIL.

(All in violation of Title 18, United States Code, Section 1512(b)(3).)

INSTRUCTION NO.  38.

<u>Statute Defining Offense - Count Three</u>

Title 18, United States Code, Section 1512(b)(3) provides in pertinent part that:

> Whoever knowingly . . . engages in misleading conduct toward another
> person, with intent to hinder, delay, or prevent the communication to a . . .
> law enforcement officer or judge of the United States of information relating
> to the commission or possible commission of a Federal offense . . . shall be
> fined under this title or imprisoned.

INSTRUCTION NO.  39.

Elements of the Offense - Count Three

In order to sustain its burden of proof for the crime of obstruction of justice, the government must prove the following essential elements beyond a reasonable doubt:

First, that the defendant knowingly engaged in misleading conduct towards another person, which person is not a law enforcement officer; and

Second, that the defendant acted with the intent to prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense.

*United States v. Amri*, 17-cr-50, 2017 U.S. Dist. LEXIS 120028 (E.D. Va. July 31, 2017)

INSTRUCTION NO. 40

<u>The Entrapment Defense</u>

The defendant asserts the defense of entrapment.  An entrapment defense

has two elements:

(1)  The government's inducement of the crime; and

(2)  The defendant's lack of predisposition to engage in the charged criminal conduct,

prior to first being approached by a government agent.

*Jacobson v. United States*, 503 U.S. 540, 549 (1992)

INSTRUCTION NO. 41

<u>Entrapment Analysis</u>

When a defendant raises this defense, the burden is on the government to prove beyond a reasonable doubt either (1) that the defendant was not induced by the government to commit the crime, or (2) that the defendant was pre-disposed to commit the crime before being contacted by government agents.

Where a person has no previous intent or purpose to commit the crime, but is induced or persuaded by law enforcement officers or their agents to commit the crime, that person is a victim of entrapment, and the law as a matter of policy forbids that person's conviction in such a case.

On the other hand, where a person already has the readiness and willingness to commit the crime, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment. For example, it is not entrapment on its own for a government agent to pretend to be someone else and to offer either directly or through an informer or some other decoy to engage in an unlawful transaction.

If, then, you should find beyond a reasonable doubt from the evidence in the case that before first being approached by government agents, the defendant was ready and willing to commit a crime such as charged in the indictment whenever opportunity was afforded, and the government officers or their agents did no more than offer the opportunity, then you should find that the defendant is not a victim of entrapment.

On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit the crime, apart from the

inducement or persuasion of some officer or agent of the government, then it is your duty to find the defendant not guilty.

The burden is on the government to prove beyond a reasonable doubt that the defendant was not entrapped.

*United States v. Carranza et al.*, 1:16-cr-00126-LMB, at Dkt. 247 (E.D. Va. Sept. 29, 2016) (Brinkema, J.); *Jacobson v. United States*, 503 U.S. 540, 549 (1992)

INSTRUCTION NO. 42

<u>Introduction to the Final Charge – Province of the Court and of the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

INSTRUCTION NO. 43

Verdict - Election of Foreperson - Duty to Deliberate - Unanimity -
Punishment- Form of Verdict - Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your
members to act as your foreperson.  The foreperson will preside over your deliberations and will
be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a
verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be
unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another
with a view towards reaching an agreement if you can do so without violence to individual
judgment.  Each of you must decide the case for himself and herself, but do so only after an
impartial consideration of the evidence in the case with your fellow jurors.  In the course of your
deliberations, do not hesitate to reexamine your own views and to change your opinion if
convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of
the opinion of your fellow jurors or for the mere purpose of thereby being able to return a
unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of
this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you
have seen or read outside of court may be considered. Nothing that I have said or done during the
course of this trial is intended in any way, to somehow suggest to you what I think your verdict
should be.  Nothing said in these instructions and nothing in any form of verdict, which has been
prepared for your convenience, is to suggest or convey to you in any way or manner any

intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A form for the verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, Section 21.01
(5th ed. 2000).

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA    )
                        )     Criminal No. 1:16-CR-265

       v.                  )

                        )

NICHOLAS YOUNG,          )

                        )

      Defendant.      )

## **VERDICT FORM**

### **Count One**

(Providing Material Support to a Foreign Terrorist Organization)

We, the jury, unanimously find the defendant, NICHOLAS YOUNG,

_____ as charged in Count One of the Indictment.
  **(Not Guilty or Guilty)**

### **Count Two**

(Obstruction of Justice)

We, the jury, unanimously find the defendant, NICHOLAS YOUNG,

_____ as charged in Count Two of the Indictment.
  **(Not Guilty or Guilty)**

## **Count Three**
### (Obstruction of Justice)

We, the jury, unanimously find the defendant, NICHOLAS YOUNG,

_____ as charged in Count Three of the Indictment.
      **(Not Guilty or Guilty)**


## **Count Four**
### (Obstruction of Justice)

We, the jury, unanimously find the defendant, NICHOLAS YOUNG,

_____ as charged in Count Four of the Indictment.
      **(Not Guilty or Guilty)**


So, Say We All, this ___ day of December, 2017.


_____

FOREPERSON

## Certificate of Service

I hereby certify that on the 28th day of November, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

AUSA Gordon D. Kromberg
AUSA John Gibbs
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
gordon.kromberg@usdoj.gov
john.gibbs@usdoj.gov

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

_/s/ Nicholas D. Smith_____
Nicholas D. Smith
VA Bar No. 79745
David B. Smith, PLLC
108 North Alfred Street
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
nds@davidbsmithpllc.com