INSTRUCTION NO. __

Introduction to the final charge—Province of the court and of the jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the not guilty plea by the defendant.  In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

<u>INSTRUCTION NO. __</u>

<u>Note-taking</u>

During this trial, I permitted you to take notes. Many courts do not permit note-taking by jurors, and a word of caution is in order. There is always a tendency to place undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid in your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

Moreover, you are coequal judges of the facts and each juror's memory of and opinion about the evidence is worthy of consideration by all the other jurors. That a juror may have taken extensive notes does not mean that his or her memory or opinion is worthy of more consideration than the memory or opinion of a juror who took few or no notes.

INSTRUCTION NO. __

Judging the evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

INSTRUCTION NO. __

Evidence received in the case—Stipulations and inferences permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to, stipulated, or judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case (unless made as an admission or stipulation of fact).

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

INSTRUCTION NO. __

Jury's recollection controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

INSTRUCTION NO. __

Objections and rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

Court's comments to counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

Court's questions to witnesses

During the course of a trial, I may occasionally have asked questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

INSTRUCTION NO. __

Direct and circumstantial evidence

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  An example of circumstantial evidence is the following: You leave your house at noon on a cold February day.  Your front yard is bare at that time.  It starts to snow, you return at 5:00 p.m. and see a footprint in the snow that now covers your yard.  From the facts that you left your home at noon, returned at 5:00 p.m., see the footprint and know from common experience that human beings are associated with footprints, you can infer that there was a person in your yard sometime between noon and 5:00 p.m.  If you had actually seen a person that would be direct evidence of that fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case in making your decisions.

INSTRUCTION NO. __

Tape recordings and typewritten transcripts

Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves, however, are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

## INSTRUCTION NO.    .

### Quality of the evidence

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party or by the number of exhibits introduced by one side or the other.

You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe and which of the exhibits have more or less value.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side, or that one or two exhibits may have more significance to your evaluation of the case as against numerous exhibits which you find have less significance.

To sum up this instruction, always consider the quality of the evidence rather than the quantity of the evidence.

<u>INSTRUCTION NO. __</u>

<u>Government's use of undercover agents and informants</u>

You have heard testimony from an undercover agent and an informant who were involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

INSTRUCTION NO.     .

Credibility of witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

12

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

INSTRUCTION NO. __

Opinion evidence—The expert witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.  You – the jury – are the sole judges of the facts of this case.

INSTRUCTION NO. __

Law enforcement witnesses

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try and attack the credibility of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and give to that testimony of the law enforcement witness weight, if any, you find it deserves.

<u>INSTRUCTION NO.    .</u>

<u>Interest in outcome</u>

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

INSTRUCTION NO. __

Credibility of witnesses—Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such a person concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

17

<u>INSTRUCTION NO. __</u>

<u>Effect of the defendant's failure to testify</u>

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant, Nicholas Young, did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

INSTRUCTION NO. __

The indictment is not evidence

An indictment is only a formal method used by the government to accuse defendant of a crime.  It is not evidence of any kind against Nicholas Young, who is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against him, he begins this trial with absolutely no evidence against him.

Nicholas Young has pleaded "Not Guilty" to this indictment and, therefore, he denies that he is guilty of the charge.

Consider only the offense charged

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

Consider Each Count Separately

A separate crime in charged in each count of the Indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find a defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

INSTRUCTION NO. __

"On or about"—Explained

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

INSTRUCTION NO. __

Disjunctive proof—Explained

Before I discuss the elements of the offenses charged in the indictment, I want to instruct you on the meaning of the word "and" as it is used in the charging language in the indictment. Where a statute is worded in the disjunctive—meaning it uses the word "or"—federal pleading requires the government to charge in the conjunctive—meaning it must use the word "and." Where a statute specifies several alternative ways in which an offense may be committed, if only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.

INSTRUCTION NO.__

Attempt defined

In Count 1, Nicholas Young is charged with attempting to provide material support or resources to a foreign terrorist organization. In Counts 2 and 4, he is charged with attempting to obstruct justice.

An "attempt" means the defendant did some act that, under the circumstances as he believed them to be, was a substantial step toward the commission of the substantive crime. For example, to show that Nicholas Young is guilty of the offense charged in Count 1, the government must prove beyond a reasonable doubt that he did some act that, under the circumstances as he believed them to be, was a substantial step toward the commission of the crime of providing material support or resources to a foreign terrorist organization.

A substantial step is a direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose. A substantial step is more than mere preparation but less than completion of the crime.

INSTRUCTION NO. __

Nature of the offense—Count One

Count One of the Indictment charges that:

Between on or about December 3, 2015, and on or about August 2, 2016, in Fairfax County in the Eastern District of Virginia and elsewhere, the defendant did knowingly and unlawfully attempt to provide "material support and resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, money, property and services, to a foreign terrorist organization, to wit, the Islamic State of Iraq and the Levant (ISIL), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, knowing that ISIL had been designated as a foreign terrorist organization, and knowing that ISIL had engaged in, and was engaging in, terrorist activity and terrorism.

(All in violation of Title 18, United States Code, Section 2339B.)

INSTRUCTION NO. __

Statute defining offense—Count One

Title 18, United States Code, Section 2339B defines the offense of Attempting to Provide

Material Support or Resources to a Foreign Terrorist Organization.  The statute provides in

pertinent part:

> "Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned …. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined [by law]), or that the organization has engaged or engages in terrorism (as defined [by law])."

INSTRUCTION NO.___

Elements of the offense – Count 1

Section 2339B of Title 18 makes it a crime for any person to attempt to commit this offense, that is to provide material support or resources to a foreign terrorist organization, knowing that the foreign terrorist organization is designated by the United States as such or that the terrorist organization had engaged or was engaging in terrorist activity or terrorism.

In order to sustain its burden of proof for the crime of attempting to provide material support and resources to a foreign terrorist organization, the government must prove the following essential elements beyond a reasonable doubt:

First, that the defendant knowingly and intentionally attempted to provide material support or resources to a designated foreign terrorist organization; and

Second, that the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism; and

Third, that the defendant did some act that was a substantial step in an effort to provide material support or resources to ISIL, also known as ISIS and the Islamic State.

A substantial step is a direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose.  A substantial step is more than mere preparation but less than completion of the crime.

<u>INSTRUCTION NO. __</u>

<u>Designated foreign terrorist organization and terrorist activity and terrorism</u>

As explained above, you must find beyond a reasonable doubt that the defendant knew that ISIL, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism.

The term "foreign terrorist organization" has a particular meaning under this statute.  In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law.  I instruct you as a matter of law that ISIL has been designated a foreign terrorist organization by the United States Secretary of State, and was so designated under a previous name -- "al-Qaeda in Iraq" -- by the Secretary of State on October 15, 2004.  I instruct you that in May 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant ("ISIL") as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL listing, among others:  the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), and Daesh.

The term "terrorist activity" includes any activity that, if it had been committed in the United States, would be unlawful under the laws of the United States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

INSTRUCTION NO. __

Material support or resources defined

The term "material support or resources" includes any property, tangible or intangible, or service, including currency or monetary instruments, and personnel (one or more individuals).

INSTRUCTION NO. __

Nature of the offense—Count Two

Between on or about December 3, 2015, and December 5, 2015, in Fairfax County, in the Eastern District of Virginia, defendant NICHOLAS YOUNG did knowingly, unlawfully, and corruptly attempt to obstruct and impede an official proceeding.  In specific, NICHOLAS YOUNG knew that the FBI was investigating the circumstances of what YOUNG believed to be the attempt of an individual referred to in this trial as "Mo" to travel to join ISIL, a designated foreign terrorist organization.  Nevertheless, in an attempt to thwart the investigation and prosecution of Mo and of NICHOLAS YOUNG, himself, for attempting to provide material support to ISIL, NICHOLAS YOUNG attempted to deceive investigators with respect to the destination and purpose of what YOUNG believed to be Mo's travel overseas in 2014.

(In violation of Title 18, United States Code, Section 1512(c)(2).)

INSTRUCTION NO. __

Nature of the offense—Count Four

On or about November 20, 2014, in Fairfax County in the Eastern District of Virginia and elsewhere, defendant NICHOLAS YOUNG did knowingly, unlawfully, and corruptly attempt to obstruct, influence, and impede an official proceeding of the Grand Jury.  In specific, NICHOLAS YOUNG sent a text message to a cell phone that YOUNG believed to be used by an individual referred to in this trial as "Mo" in order to make it falsely appear to the FBI that Mo had left the United States to go on a vacation tour in Turkey when, instead, NICHOLAS YOUNG believed that Mo had gone to Turkey to go from there to Syria in order to join and fight for the designated foreign terrorist organization known as ISIL.

(In violation of Title 18, United States Code, Section 1512(c)(2).)

INSTRUCTION NO. __

Statute defining offense—Counts Two and Four

Title 18, United States Code, Section 1512(c)(2) provides in pertinent part that:

> Whoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so . . . shall be fined under this title or imprisoned . . . .

INSTRUCTION NO. __

Elements of the offense—Counts Two and Four

In order to sustain its burden of proof for the crime of obstruction of justice, the government must prove the following essential elements beyond a reasonable doubt:

First, that the defendant unlawfully and knowingly attempted to obstruct, influence, or impede an official proceeding, and

Second, that the defendant did so corruptly.

INSTRUCTION NO. __

Factual impossibility is not a defense

The fact that the defendant was dealing with undercover government agents, rather than real members of the Islamic State (or ISIS or ISIL), is not a defense to any charge in the Indictment.

INSTRUCTION NO.\_\_

Official proceeding defined

The term "official proceeding" includes a proceeding before a judge or court of the United States, a United States magistrate judge, a federal grand jury, or a proceeding before a Federal Government agency which is authorized by law.

INSTRUCTION NO. __

Obstruction need not be successful

The government does not need to prove that the defendant was successful in obstructing, influencing, or impeding an official proceeding; an attempt to do so suffices.

INSTRUCTION NO. __

Corruptly defined

To act "corruptly," as that term is used in these instructions, means to act with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

INSTRUCTION NO. __

"Knowingly"—Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act, or fail to act, because of ignorance, mistake, or accident.

The government is not required to prove that the defendant knew that his acts were unlawful.

INSTRUCTION NO. __

"Willfully"—Defined

The term "willfully," as used in these instructions to describe the alleged state of mind of the defendant, means that he knowingly performed an act, failed to act, deliberately and intentionally ["on purpose"] as contrasted with accidentally, carelessly, or unintentionally.

INSTRUCTION NO. __

Proof of knowledge or intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly, because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

INSTRUCTION NO. __

Motive—Explained

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime.  The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

<u>INSTRUCTION NO. __</u>

<u>The entrapment defense</u>

The defendant asserts as to Count 1 that he was a victim of entrapment.  An entrapment

defense has two elements:

(1)  The government inducement of the crime; and

(2)  The defendant's lack of predisposition to engage in the criminal conduct

INSTRUCTION NO. __

Entrapment Analysis

Where a person has no previous predisposition, that is intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, that person is a victim of entrapment, and the law as a matter of policy forbids that person's conviction.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment.

For example, it is not entrapment for a government agent to pretend to be someone else and to offer either directly or through an informer or other decoy to engage in an unlawful transaction.

If then, you should find beyond a reasonable doubt from the evidence in the case that before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit a crime such as charged in the indictment--even if not the exact crime charged--whenever opportunity was afforded, and the government officers or their agents did no more than offer the opportunity, then you should find that the defendant is not a victim of entrapment.

On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit an offense of the character charged, apart from the inducement or persuasion of some officer or agent of the government, then it is your duty to find the defendant not guilty.

Remember, the burden is on the government to prove beyond a reasonable doubt that the defendant was not entrapped.

INSTRUCTION NO. __

Inducement

Inducement requires more than mere solicitation by the government.  Inducement is a term of art necessitating government overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party.  For purposes of entrapment, "inducement" means solicitation plus some overreaching or improper conduct on the part of the government.

Simply cultivating the friendship of a target in preparation to present a criminal opportunity is not inducement to commit a crime, unless that friendship involved coercion, threats, or pleas that would constitute more than just providing an opportunity to commit the crime.

The fact that government agents initiated contact with the defendant, suggested the crime, or furnished the ordinary opportunity to commit it is insufficient to show inducement.

INSTRUCTION NO. __

Predisposition

"Predisposition" refers to the defendant's state of mind before government agents made any suggestion that he commit a crime. The focus of the predisposition inquiry is on whether the defendant was an "unwary innocent" or, instead, an "unwary criminal" who readily availed himself of the opportunity to perpetrate the crime.  The government does not entrap a defendant, even if he does not specifically contemplate the criminal conduct before the government agent's making any suggestion that he commit the crime, if his decision to commit the crime is the product of his own preference and not the product of government persuasion.

Predisposition is not limited only to crimes specifically contemplated by the defendant prior to government suggestion.  Instead, it is sufficient if the defendant is of a frame of mind such that, once his attention is called to the criminal opportunity, his decision to commit the crime is the product of his own preference and not the product of government persuasion.

Predisposition may be found from a defendant's ready response to the inducement offered.

A defendant's predisposition must be determined as of the time he was first approached by a government agent; however, inferences about that predisposition may be drawn from events after the two parties came into contact

<u>INSTRUCTION NO. __</u>

<u>Venue</u>

In addition to the foregoing elements, the government must also prove with respect to Count 1 that it is more likely true than not true that at least one act in furtherance of the crime occurred in the Eastern District of Virginia. If the government has not proven that it is more likely true than not true that at least one act in furtherance of the crime of attempted provision of material support or resources to a foreign terrorist organization occurred in the Eastern District of Virginia, then you must find Nicholas Young not guilty as to Count 1.

In addition to the foregoing elements, the government must also prove with respect to Count 2 that it is more likely true than not true that either (1) the official proceeding that was intended to be affected was in the Eastern District of Virginia; or (2) the conduct constituting the alleged obstruction of justice occurred in the Eastern District of Virginia. If the government has not met this burden, then you must find Nicholas Young not guilty as to Count 2.

In addition to the foregoing elements, the government must also prove with respect to Count 4 that it is more likely true than not true that either (1) the official proceeding that was intended to be affected was in the Eastern District of Virginia; or (2) the conduct constituting the alleged obstruction of justice occurred in the Eastern District of Virginia. If the government has not met this burden, then you must find Nicholas Young not guilty as to Count 4.

This standard is a lower standard than proof beyond a reasonable doubt. Circumstantial evidence can be sufficient to make this showing.

44

<u>INSTRUCTION NO. __</u>

<u>Presumption of innocence—Burden of proof</u>

I instruct you that you must presume the defendant to be innocent of the crime charged. Thus the defendant, although accused of crime in the Indictment, the defendant begins the trial with a "clean slate"—with no evidence against him. The Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the Indictment, you must find the defendant not guilty of the offense.

<u>INSTRUCTION NO. __</u>

<u>Verdict—Election of foreperson—Duty to deliberate—Unanimity—Punishment—Form of</u>

<u>verdict—Communication with the Court</u>

Upon retiring to your jury room to begin your deliberation, you must elect one of your

members to act as your foreperson.  The foreperson will preside over your deliberations and will

be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a

verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be

unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another

with a view towards reaching an agreement if you can do so without violence to individual

judgment.  Each of you must decide the case for yourself, but do so only after an impartial

consideration of the evidence in the case with all the other jurors.  In the course of your

deliberations, do not hesitate to reexamine your own views and to change your opinion if

convinced it is erroneous; however, do not surrender your honest conviction solely because of

the opinion of the other jurors or for the mere purpose of being able to return a unanimous

verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of

this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you

have seen or read outside of court may be considered.  Nothing that I have said or done during

the course of this trial is intended in any way to somehow suggest to you what I think your

verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to

46

suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A verdict form has been prepared for your convenience and reads as follows:

[The verdict or a summary can be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.