1336

```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          ALEXANDRIA DIVISION

UNITED STATES OF AMERICA       .    Criminal No. 1:16cr265
                               .
     vs.                       .    Alexandria, Virginia
                               .    December 18, 2017
NICHOLAS YOUNG,                .    9:30 a.m.
                               .
          Defendant.           .
                               .
. . . . . . . . . . .

                       TRANSCRIPT OF JURY TRIAL
              BEFORE THE HONORABLE LEONIE M. BRINKEMA
                   UNITED STATES DISTRICT JUDGE

                             VOLUME VI
```

APPEARANCES:

FOR THE GOVERNMENT:          JOHN T. GIBBS, AUSA
                             GORDON D. KROMBERG, AUSA
                             EVAN N. TURGEON, SAUSA
                             United States Attorney's Office
                             2100 Jamieson Avenue
                             Alexandria, VA 22314


FOR THE DEFENDANT:           NICHOLAS D. SMITH, ESQ.
                             David B. Smith, PLLC
                             108 North Alfred Street
                             Alexandria, VA 22314
                               and
                             LINDA MORENO, ESQ.
                             Linda Moreno P.A.
                             511 Avenue of the Americas
                             No. 2
                             New York, NY 10011


ALSO PRESENT:                SA NICHOLAS CASLEN
                             FABIAN VERA


                         (Pages 1336 - 1347)


              COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

1337

| | | |
|---|---|---|
| 1 | OFFICIAL COURT REPORTER: | ANNELIESE J. THOMSON, RDR, CRR |
| 2 | | U.S. District Court, Fifth Floor |
| | | 401 Courthouse Square |
| 3 | | Alexandria, VA 22314 |
| | | (703)299-8595 |

1    P R O C E E D I N G S

2    (Defendant present, Jury out.)

3    THE CLERK: Criminal Case 16-265, United States of
4    America v. Nicholas Young. Would counsel please note their
5    appearances for the record.

6    MR. KROMBERG: Good morning, Your Honor. Gordon
7    Kromberg for the United States. With me at counsel table is
8    FBI Special Agent Nicholas Caslen and paralegal specialist
9    Fabian Vera.

10   THE COURT: Good morning.

11   MR. SMITH: Good morning, Your Honor. Nicholas Smith
12   for defendant Nicholas Young, and with me is Ms. Moreno, Linda
13   Moreno.

14   THE COURT: All right, good morning. We've received
15   a question from the jury, which I'm sure you've all had a
16   chance to look at, and the question is the following: The
17   first sentence of the predisposition instruction says,
18   "defendant's state of mind before agents suggested that he
19   commit a crime."

20   "The last sentence says, 'A defendant's
21   predisposition must be determined as of the time he was first
22   approached by government agent.'

23   "Does 'approached by the government agent' refer to
24   when the government suggested the crime or when a government
25   agent first met the defendant?"

1         Again, this shows you how carefully our juries go
2    about thinking about these cases.  Although I really don't
3    think the *Jacobson* case is adequately nuanced, *Jacobson* and the
4    Fourth Circuit cases that follow it clearly in my view say that
5    a defendant's predisposition must be determined as of the time
6    he was first approached by a government agent, that that is the
7    correct statement of the law.
8         Mr. Smith?
9         MR. SMITH:  Yes, Your Honor, we agree that is a
10   correct statement of the law.
11        THE COURT:  Yeah.
12        MR. SMITH:  And we would just point out that in the
13   pretrial charging conference, we actually discussed this very
14   issue --
15        THE COURT:  I know.
16        MR. SMITH:  -- and it's a little eerie, but the
17   defense objected on the basis of the first sentence, and
18   Mr. Kromberg rightly noted that if the defense merely peered
19   down the page and looked at the last sentence, the correct
20   statement of law was there.
21        So Mr. Kromberg noted something to the effect of we
22   don't know why the defense is complaining because the statement
23   of law they want is in the last sentence, and so we would argue
24   that any argument to the contrary has been waived in light of
25   the government's --

1340

1  THE COURT: All right. Mr. Kromberg? So I'm going
2 to tell the jury that's the answer unless there's some issue
3 you want to raise.
4  MR. KROMBERG: No, Your Honor.
5  THE COURT: All right, that's fine. We'll bring the
6 jury in.
7  (Jury present.)
8  THE COURT: Please, ladies and gentlemen, have a
9 seat, and good morning. Before we get started, I just want to
10 make sure, did any of you bump into the article in *The
11 Washington Post* over the weekend about the case?
12  (Jurors shaking heads.)
13  THE COURT: No? Very good. And you've continued to
14 following my instructions?
15  (Jurors nodding heads.)
16  THE COURT: Well, we've gotten a very astute question
17 from you, and obviously, there's a slight unclarity about
18 Instruction 43, so I want to make sure it's clear for you. The
19 question you asked was that the first sentence in that
20 instruction about predisposition describes the defendant's
21 state of mind before agents suggested that he commit a crime.
22  "The last sentence says, 'A defendant's
23 predisposition must be determined as of the time he was first
24 approached by government agent.'
25  "Does 'as approached by the government agent' refer

1341

1  to when the government suggested the crime or when a government
2  agent first met the defendant?"
3           And the answer really is in the instruction.  It was
4  just not as clearly as it should be.  It's the very last
5  paragraph of that instruction.  So a defendant's predisposition
6  must be determined as of the time he was first approached by a
7  government agent, all right?
8           So we thank you for your question, and we'll let you
9  go back to continue your deliberations.  We'll recess court.
10          (Recess from 10:51 a.m., until 11:42 a.m.)
11                  (Defendant present, Jury out.)
12          THE COURT:  The question, this is an easy one:  "Do
13 you have a headset that will plug into the laptop?"
14          What we have is, I'm holding up my hand, are ear
15 plugs, and I'm told that the way the computer works, they can
16 have -- two people could be listening, one in each ear.  So
17 they only asked for one headset, and this will be what we're
18 going to give them.
19          Is there any objection to that?
20          MR. GIBBS:  None from the government, Judge.
21          THE COURT:  Mr. Smith?
22          MR. SMITH:  Your Honor, I inquired, anticipating the
23 jury might have this question, I understand that there's a
24 whole slew of headsets right next to the computer on the desk
25 right here.  There are 12 for 12 jurors.

```
 1              THE COURT:  There are not 12 holes in the laptop.
 2              MR. SMITH:  Oh, oh, but these are in case the jurors
 3   want to, I don't know, go and plug in individually?
 4              THE COURT:  Well, we're getting this from our IT
 5   people, that for the particular laptop that they have got in
 6   the jury room on which they're able to apparently play the
 7   tapes, that this is what our IT people are recommending.
 8              So I'm going to send this in.  If we get another
 9   note -- this jury is not shy about letting us know if they're
10   not happy with what they're getting -- we can revisit the issue
11   about whether these headsets will work, but my understanding
12   is, and I don't know if the jack is the same or not, but this
13   is what our IT people told us.
14              MR. SMITH:  Your Honor, are those earbuds?  I can't
15   really see what --
16              THE COURT:  They're earbuds.
17              MR. SMITH:  Earbuds, okay.  Like the kind you fold
18   down and listen to --
19              THE COURT:  That's correct.  And so one person could
20   put it in both ears, or two people with one bud in each ear,
21   two could listen at the same time.
22              MR. SMITH:  Okay.  Thank you, Your Honor.
23              THE COURT:  All right?  There's no objection?
24              MR. GIBBS:  Not from the government.
25              MR. SMITH:  No, Your Honor.
```

1343

```
 1              THE COURT:  All right, we're just sending it in.  I'm
 2   not bothering to bring the jury back in, all right?  So we'll
 3   recess court to await the decision.  And remember, they're
 4   going to lunch at one o'clock.
 5              (Recess from 11:44 a.m., until 12:41 p.m.)
 6                          (Defendant present, Jury out.)
 7              THE COURT:  All right, let's bring the jury in.
 8                          (Jury present.)
 9              THE CLERK:  Mr. Foreperson, has the jury reached its
10   verdict?
11              THE FOREPERSON:  Yes, ma'am.
12              THE CLERK:  Can you hand it to the court security
13   officer, please?
14              THE COURT:  You-all may have a seat.
15              THE CLERK:  Will the defendant please stand to face
16   the jury?
17              In the Matter of Criminal Case 16-265, United States
18   of America v. Nicholas Young:
19              "As to Count 1, attempting to provide material
20   support to a foreign terrorist organization by providing gift
21   cards or gift card codes to Mo, we, the jury, unanimously find
22   beyond a reasonable doubt that the defendant, Nicholas Young,
23   is guilty.
24              "As to Count 2, attempt to obstruct justice, we, the
25   jury, unanimously find beyond a reasonable doubt that the
```

1  defendant, Nicholas Young, is guilty.
2         "As to Count 4, attempt to obstruct justice, we, the
3  jury, unanimously find beyond a reasonable doubt that the
4  defendant, Nicholas Young, is guilty.
5         Signed "Foreperson Robert M. Hull, Jr., December 18,
6  2017."
7         Ladies and gentlemen, is this your unanimous verdict?
8         ALL JURORS:  Yes.
9         THE COURT:  Does either side want to have the jury
10 polled?
11        MR. SMITH:  No, Your Honor.
12        MR. GIBBS:  No, Your Honor.
13        THE COURT:  Ms. Moreno, that's correct, you don't
14 want the jury polled?
15        MS. MORENO:  That's correct, Your Honor.
16        THE COURT:  All right.  Then, ladies and gentlemen, I
17 want to thank you on behalf of the parties and the Court for
18 giving us six days of your very valuable time.  It is never
19 easy sitting in judgment of another human being.  It's a very
20 tough job, and we know because you-all came to court on time
21 and you asked a very intelligent question that you went about
22 this job in a serious fashion.
23        Sitting as jurors is one of the most important civic
24 duties that we all have, and you should all feel very satisfied
25 that you have upheld that obligation well, but your service to

1  the Court is now complete, and so you'll be able to leave now.
2       We will advise your two former colleagues that the
3  verdict has been reached.
4       I do also want to tell you that we have a local rule
5  that prohibits the attorneys in the case from contacting any of
6  you.  Now, you-all have a First Amendment right to discuss your
7  jury experience if you wish to.  I'm not gagging any of you.  I
8  would, however, advise you to be respectful of your fellow and
9  sister jurors in anything that you might say.
10       But your service to the Court is complete.  You can
11 check out with the Jury Office as you leave the building.
12 Thank you, ladies and gentlemen.  We'll stay in session.
13                    (Jury excused.)
14       THE COURT:  All right, I will enter the jury's
15 verdict, and we need to set this case for sentencing.  How is
16 Friday, March 10, for everybody?  I'm sorry, March 9, 2018.
17       MR. SMITH:  Your Honor, there are going to be a few
18 motions before sentencing.
19       THE COURT:  I will set a date for filing motions, but
20 our practice in this court is normally to hear motions --
21 posttrial motions at the same time as sentencing.
22       MS. MORENO:  Your Honor, if I may address the date?
23       THE COURT:  Yeah.
24       MS. MORENO:  I begin a trial March 1 in the Middle
25 District of Florida that is supposed to go four to six weeks.

1346

1  Would the Court entertain the last week of February?  I would
2  like to be here for the sentencing.
3              THE COURT:  I would -- I just want to make sure that
4  the Probation Office has enough time to really work this up.
5              MS. MORENO:  If I boldly ask for the first week in
6  April, but we've been instructed that --
7              THE COURT:  That's too far.
8              MS. MORENO:  -- we will be in trial the entire month
9  of March.
10             THE COURT:  I'll set it for February 23, which would
11 be that last Friday that we have in February, and if we get a
12 pushback from the Probation Office, we'll let you know.  That
13 will be at nine o'clock.
14             MS. MORENO:  Thank you, Your Honor.
15             THE COURT:  I will direct that any posttrial motions
16 be filed within 14 days, which is the normal time frame, and we
17 will see whether or not we need to have -- as I said, normally
18 we don't have argument before the motion -- before the
19 sentencing date.
20             Anything further on this case?
21             MR. GIBBS:  No, Judge.  Thank you.
22             THE COURT:  Anything further from the defense?
23             MS. MORENO:  No, Your Honor.
24             THE COURT:  All right, defendant is remanded.  We'll
25 recess court for the day.

1347

(Which were all the proceedings had at this time.)

## CERTIFICATE OF THE REPORTER

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

/s/
Anneliese J. Thomson