IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:16cr 265 |
| | ) | |
| NICHOLAS YOUNG | ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO
DEFENDANT'S REQUEST FOR A RESENTENCING HEARING

On February 23, 2018, this Court sentenced defendant Nicholas Young to be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 180 months as to each of Counts 1, 2, and 4, all counts to run concurrent with each other. Dkt. #224.

On February 21, 2019, the United States Court of Appeals issued a judgment (a) affirming the defendant's conviction on Count 1; (b) vacating his convictions on Counts 2 and 4; and (c) remanding for resentencing. *United States v. Young*, 916 F.3d 368 (4th Cir. 2019). At Note 14 of its opinion, the Fourth Circuit wrote:

> Because Counts One, Two, and Four were grouped under United States Sentencing Guidelines § 3D1.2(c) for sentencing purposes, we do not address Young's challenges to his sentence which, if relevant, can be addressed by the district court in the first instance upon remand.

*Id.* at 389.

Young's counsel requested a date in June 2019 for a resentencing. Dkt. #241. By Order of March 13, 2019, this Court directed Young's counsel to show cause what purpose would be served by a resentencing hearing. Dkt. #242. In the course of its Order, this Court stated:

> Because the sentence on Count 1 was not affected by the Fourth Circuit opinion the Court knows of no reason why any hearing is needed, given that the only adjustment to the Judgment is to vacate the convictions for Counts 2 and 4. As there would be no change to the sentence for Count 1, it would be Marshals Service and judicial resources to conduct a hearing for what would be a mere edit of the judgment.

*Id.*

In response, on April 9, 2019, Young argued that the Fourth Circuit's ruling was a general remand for discretionary resentencing. Young argued that, in such circumstances, a resentencing hearing should be held to allow for corrections to the guidelines, to consider the factors enumerated in 18 U.S.C. § 3553, and to protect the defendant's right to a hearing. Dkt. #244.

By Order of April 10, 2019, this Court directed the United States to advise the Court of its position on the defendant's request for a resentencing hearing. This pleading responds to that direction.

The vacation of the convictions on Counts 2 and 4 should not affect the sentence this Court previously imposed for Count 1. Despite Young's argument, there are no corrections to the 3553 factors or the guidelines to be considered. Indeed, at any resentencing hearing, resources of the Marshal Service and the Court will be expended to achieve a result that should be the same as the one exists already. That being said, the resentencing needs to be held anyway.

In *United States v. Muhammad*, 478 F.3d 247 (4th Cir. 2007), the Fourth Circuit considered the appeal of a defendant whose convictions had been affirmed upon an earlier appeal, but whose case had been remanded for resentencing in light of *United States v. Booker,* 543 U.S. 220 (2005). At the resentencing, the district court imposed the same 121-month sentence that it had imposed originally. The defendant then appealed the sentence that had been reimposed.

Upon this second appeal, the Fourth Circuit found that it had been plain error for the district court to have denied the defendant the right to allocute at the resentencing. The Fourth Circuit concluded that it simply did not matter that the defendant had allocuted at the original sentencing, or that the district court obviously had been likely to impose at the resentencing the same sentence that it had imposed at the original sentencing:

> It is true, as the Government points out, that the prior decision by the district court to impose a sentence at the top of the guideline range - despite its discretion to impose a lower sentence within that range - casts some doubt on whether Muhammad could have persuaded the district court to impose a lesser sentence on remand. Nonetheless, it is possible that he could have done so.

*Muhammad*, 478 F.3d 250-51. Accordingly, the Fourth Circuit vacated the resentencing, on the grounds that, had the defendant been allowed to allocute at resentencing, "the possibility remain[ed]" that he would have received a lower sentence:

> Because the "possibility remain[s]" that Muhammad could have received a lesser sentence had he been permitted to allocute at resentencing, he has sufficiently shown that he was prejudiced by the denial of allocution. . . . For the same reason, we exercise our discretion to notice the error. . . . We therefore vacate Muhammad's sentence and remand for resentencing. At the resentencing hearing, the district court must permit Muhammad to allocute before imposing sentence.

*Id*. at 251 (citations omitted).

In *United States v. Hadden,* 475 F.3d 652, 666-70 (4th Cir. 2007), the Fourth Circuit held that a district court was not required to conduct a resentencing hearing when it merely "corrected" a defendant's sentence. In *Muhammad,* however, the Fourth Circuit explicitly distinguished *Hadden,* on the grounds that *Hadden* involved the correction of a sentence pursuant to a Section 2255 petition, and not a resentencing:

> We noted [in *Hadden*], however, that had the district court proceeding been considered a "resentenc[ing]," 28 U.S.C.A. § 2255, the defendant would have had the right "to allocute." *Hadden,* 475 F.3d at 667.

3

As noted above, we believe that the vacation of Young's convictions on Counts 2 and 4 should not affect the sentence this Court previously imposed for Count 1.  Accordingly, at a resentencing, the Court should impose the same 15-year sentence on Young that it originally did in February 2018.  Nevertheless, in light of *Muhammad*, it likely would be plain error to resentence Young without affording him the opportunity to allocute again.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

\_\_\_\_\_/s_____
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I electronically filed the foregoing POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                                  /s_____
                                          Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov