IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 1:16cr 265 |
| | ) |
| NICHOLAS YOUNG | ) |

OPPOSITION TO MOTION TO COMPEL

Defendant Nicholas Young moves the Court to direct the government to disclose to him whether recordings of him made by a confidential informant (known as "Mo") between May and July 2014, were either destroyed or otherwise not produced to him in pre-trial discovery. The motion should be denied because Young has no right to the information that he seeks. The government satisfied its discovery obligations to the defendant with respect to the recordings of the meetings between Young and "Mo" long ago. Moreover, Young cannot explain why recordings from 2014 would be material to his defense against the charge that he attempted to send funds to ISIS two years later.

Some of the meetings between Young and Mo that occurred early in their relationship were not recorded. More than a year before his trial, however, Young received in discovery detailed summaries of the debriefings of Mo that were made by the FBI with respect to every meeting that Young and Mo ever had.

Moreover, from July 27, 2014, through October 25, 2014, every meeting between Young and Mo was recorded, and Young was provided with those recordings. Recordings of the

defendant and Mo were provided to the defendant in discovery for meetings that occurred on the following dates:

| Date of Recorded Meeting | Referenced in Discovery Letter | Provided to Defense |
| --- | --- | --- |
| May 31, 2014 | Discovery Letter 7 | December 19, 2016 |
| July 19-21, 2014 | Discovery Letter 4 | September 30, 2016 |
| July 23, 2014 | Discovery Letter 5 | October 5, 2016 |
| July 24, 2014 | Discovery Letter 5 | October 5, 2016 |
| July 27, 2014 | Discovery Letter 5 | October 5, 2016 |
| August 10, 2014 | Discovery Letter 5 | October 5, 2016 |
| September 11, 2014 | Discovery Letter 4 | September 30, 2016 |
| September 12, 2014 | Discovery Letter 4 | September 30, 2016 |
| October 2, 2014 | Discovery Letter 4 | September 30, 2016 |
| October 4, 2014 | Discovery Letter 4 | September 30, 2016 |
| October 9, 2014 | Discovery Letter 4 | September 30, 2016 |
| October 10, 2014 | Discovery Letter 4 | September 30, 2016 |
| October 16, 2014 | Discovery Letter 7 | December 19, 2016 |
| October 17, 2014 | Discovery Letter 5 | October 5, 2016 |
| October 23, 2014 | Discovery Letter 5 | October 5, 2016 |
| October 24, 2014 | Discovery Letter 5 | October 5, 2016 |
| October 25, 2014 | Discovery Letter 5 | October 5, 2016 |

Those recordings are the only recordings to which Young was entitled in discovery.[1]

With respect to the information to which he was entitled in discovery, Young was similarly situated to every other defendant. The law properly requires the disclosure of certain information in pre-trial discovery, but it does not entitle any defendant to the disclosure of the extent and nature of the government's investigative tools or tactics simply because he suspects that materials are in the government's possession that might prove interesting to him. As the Supreme Court has stated, "it is the State that decides which information must be disclosed" and "the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).

---

[1] We ask the Court to note the substance of its Order issued on May 23, 2017, Docket Item #96, in response to the government's classified and *ex parte* motion, Docket Item #95.

In *Pennsylvania v. Ritchie*, the Supreme Court reversed a state court ruling that allowed a defendant to examine confidential information in the government's possession in order to present arguments in favor of disclosure, even after the government determined that such information was not discoverable. Even though "the eye of an advocate may be helpful to a defendant in ferreting out information," the "settled practice" is for the prosecutor to decide which information must be disclosed. *Id*.

In *Kasi v. Angelone*, 300 F.3d 487 (4th Cir. 2002), the Fourth Circuit quoted *Ritchie* for the principle that it is the prosecutor and not the defendant who gets to make the determination of materiality for purposes of disclosure:

> In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland*, it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final.

*Angelone*, 300 F.3d at 504-05 (emphasis added).

Moreover, pursuant to *Brady* or Rule 16, "the items sought by the defendant must still be 'material' - that is, in this context, the defendant must establish "a strong indication" that the evidence would have "play[ed] an important role in uncovering admissible evidence, ... corroborating testimony, or assisting impeachment or rebuttal." *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (internal quotation marks and citation omitted). Here, Young fails to establish such a "strong indication."

Young obviously was present when anything was said during any of his meetings with Mo. To the extent that anything material was said at any of one of those meetings - - and regardless of the accuracy of the FBI reports of those meetings (with which he was provided long before trial) - - he obviously could articulate that materiality because, after all, *he was there!*

3

Nevertheless, Young fails to articulate any material evidence from any meeting for which he lacks a recording. That failure, however, is no accident. It is explained by the obvious fact that -- as evidenced by the FBI reports of the debriefings of Mo with respect to every meeting that Young and Mo ever had -- nothing was said at any meeting with Mo in 2014 that would justify Young's willingness to send gift card codes to ISIS more than two years later.

In *Harris v. United States*, 9 F.Supp.2d 246 (S.D.N.Y. 1998), the district court considered the post-conviction petition of a defendant who alleged that the government withheld evidence from discovery. The district court rejected the petition, on the grounds that "conclusory allegations" that the government concealed evidence are insufficient to entitle a defendant to relief. The Court wrote:

> [T]he government does not bear the burden of establishing that documents were *not* withheld; it is Harris's burden to prove that the government failed to disclose evidence favorable to Harris. Conclusory allegations that the government 'suppressed' or 'concealed' evidence do not entitle Harris to relief; nor do they suffice to entitle Harris to an evidentiary hearing on whether documents were withheld.

*Id*. at 275 (emphasis in original), *aff'd,* 216 F.3d 1072, 2000 WL 730375 (Table) (2d Cir. 2000) ("We now AFFIRM substantially for the reasons given in the district court's well-reasoned opinion"). *See also United States v. Upton*, 856 F.Supp. 727, 746 (E.D.N.Y. 1994) (assuming the veracity of the government's representation regarding *Brady*). These principles are exactly applicable here.

Rather than articulate how a recording from the summer of 2014 would be material to his attempt to provide support to ISIS more than two years later, Young mischaracterizes the factual context of his conduct. He argues:

> In a case that revolved almost entirely around Young's interactions with the CI coupled with an entrapment defense, evidence that the CI destroyed

>some of those interactions would negate, or substantially mitigate, Young's guilt.

Motion to Compel, at 3. As a preliminary matter, there is nothing in the record (or, for that matter, out of it) to suggest that Mo (or anyone else) "destroyed" any evidence.

More fundamentally, however, the case that Young describes is not the one that was tried before this Court in December 2017. As the Court likely recalls, the defendant's last actual interaction with "Mo" occurred in October 2014, more than 21 months before Young attempted to send gift card codes to ISIS.[2] During those 21 months, Young exchanged dozens of emails and text messages with FBI agents posing as "Mo" - - and every one of those dozens of emails and text messages was provided in discovery and introduced into evidence at trial. In the context of the case that actually was tried, Young cannot articulate how anything in an allegedly missing recording from the summer of 2014 (including from a time before ISIS was even proclaimed to exist) could be material to his attempt to provide support to ISIS more than two years later.

In short, "[m]ere speculation about the existence of potentially exculpatory or impeaching evidence is insufficient to give the defense access to materials under *Brady* and *Giglio*." *United States v. Jones*, 378 Fed.Appx. 359, 360 (4th Cir. 2010). *See, e.g., Miles v. Conway*, 739 F.Supp.2d 324 (W.D. N.Y. 2010) ("As a matter of law, mere speculation by a defendant that the government has not fulfilled its obligations under *Brady* . . . is not enough to establish that the government has, in fact, failed to honor its discovery obligations"); *Franza v. Stinson*, 58 F.Supp.2d 124 (S.D.N.Y., 1999) ("Franza's claim of withheld *Brady* material is speculative, conclusory and unsupported, and thus must be rejected"). As this Court wrote (after quoting

---

[2] And, as noted above, his last interaction with Mo for which Young was not provided a recording occurred in July 2014, more than two full years before Young attempted to send the gift card codes.

*Caro*) with respect to a similar post-trial discovery motion in another case, "Defendant's motion thus amounts to little more than a fishing expedition in the end." *United States v. Timimi,* Case 1:04-cr-00385-LMB, Memorandum Opinion at 7, Document 350 (E.D. Va. April 28, 2014).

Nearly three years after the government produced to Young the relevant recordings of his meetings with Mo, Young seeks the Court to compel the government to answer a question about the adequacy of the production of those recordings.  The answer today is the same that it was when the recordings were first produced in 2016; the same as it was 19 months ago, when Young raised the issue before this Court in pre-trial motions, and the same as it was 18 months ago, when Young cross-examined government witnesses on this issue at trial:  Young was provided with all of the recordings to which he was entitled by any discovery rule.  Neither Rule 16, *Brady*, nor any other rule of discovery requires the government to answer any differently.

In short, the government's position with respect to Young's renewed request for discovery is the same that it was years ago: Young has been provided with all information to which he is entitled by law.

                          Respectfully submitted,

                          G. Zachary Terwilliger
                          United States Attorney

                            /s
                          Gordon D. Kromberg
                          Assistant United States Attorney
                          Virginia Bar No. 33676
                          Attorney for the United States
                          2100 Jamieson Avenue
                          Alexandria, VA  22314
                          (703) 299-3700
                          (703) 837.8242 (fax)
                          gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, I electronically filed the foregoing OPPOSITION TO MOTION TO COMPEL with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

                                             /s/
                                             Gordon D. Kromberg
                                             Assistant United States Attorney
                                             Virginia Bar No. 33676
                                             Assistant United States Attorney
                                             Attorney for the United States
                                             2100 Jamieson Avenue
                                             Alexandria, VA  22314
                                             (703) 299-3700
                                             (703) 837.8242 (fax)
                                             gordon.kromberg@usdoj.gov