IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                     ) | Case No. 1:16-CR-265 |
| ) | |
| NICHOLAS YOUNG          ) | |
| ) | |
| Defendant.             ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S
OPPOSITION TO MOTION TO COMPEL**

For the first time, noted in the Government's Response, Mr. Young learned that the Government's classified *ex parte* motion and the Court's subsequent Order relates to unproduced audio recordings. *See* Gov. Br. Opp., ECF No. 250 at 2, n.1 (citing ECF Nos. 95 and 96). For the reasons stated in Mr. Young's Motion to Compel, and pursuant to Mr. Young's Sixth Amendment and due process rights, Mr. Young objects to the *ex parte* nature

of the Government's motion.[1] Mr. Young requests that the Government's *ex parte* motion (ECF No. 95) and the materials identified in the motion be made available for review by defense counsel, and maintains his inquiry detailed in the pending Motion Compel (ECF No. 248).

The undersigned counsel has previously been authorized to review classified material in this Court, to the extent it may be required for this matter.

> Respectfully submitted,
> NICHOLAS YOUNG
> By Counsel
> AYOTTE CARMICHAEL ELLIS & BROCK, PLLC
> _____/s/_____
> Jessica N. Carmichael, Esq.
> Virginia Bar No. 78339
> Counsel for Defendant
> 108 N. Alfred Street, First Floor
> Alexandria, Virginia 22314
> (703) 684-7908
> jcarmichael@ayottecarmichael.com

---

[1] In the CIPA context, "*ex parte* filings are not required nor even favored." *United States v. Rezaq*, 156 F.R.D. 514, 526 (D.D.C. 1994). "*Ex parte* communications between a district court and the prosecution in a criminal case are greatly discouraged, and should only be permitted in the rarest of circumstances. *See United States v. Napue*, 834 F.2d 1311, 1316 (7th Cir. 1987). By way of example, in *United States v. Presser*, 828 F.2d 330 (6th Cir. 1987), the Sixth Circuit maintained that '*ex parte* proceedings, particularly in criminal cases, are contrary to the most basic concepts of American justice and should not be permitted except possibly in the most extraordinary cases involving national security.'" *United States v. Rezaq*, 899 F. Supp. 697, 707 (D.D.C. 1995). The "right to be heard" before being forced to suffer a serious loss "is a principle basic to our society," specifically, to its democratic commitment to "fairness," *Joint Anti-Fascist Refugee Comm. v. McGrath* 341 U.S. 123, 168 (1951)(Frankfurter, J., concurring). "The right to notice and a fair hearing exists regardless of whether the "case against" a defendant is presented on an issue on which the government bears the burden of proof or in opposition to a position on which the defendant bears the burden." *United States v. Abuhamra*, 389 F.3d 309, 322-23 (2d Cir. 2004) (*citing Wardius v. Oregon*, 412 U.S. 470, 475 (1973); *Fox v. Mann*, 71 F.3d 66, 70-71 (2d Cir. 1995)). In either circumstance, the underlying point is the same: "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Id.* (citations omitted).

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of May, 2019 I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

/s/<br>
Jessica N. Carmichael, Esq.