IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:16cr 265 |
| | ) | |
| NICHOLAS YOUNG | ) | |

<u>POSITION OF THE UNITED STATES WITH RESPECT TO RESENTENCING</u>

Upon resentencing, this Court should impose the same sentence of 180 months of incarceration that it initially imposed at the original sentencing in 2018.

On February 23, 2018, the defendant was sentenced to three concurrent terms of 15 years of incarceration as a result of a jury finding him guilty of attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 1), and attempting to obstruct justice, in violation of 18 U.S.C. § 1512(c)(2) (Counts 2 and 4). A period of 15 years of supervised release was imposed on Count 1, and three-year periods on Counts 2 and 4, all to run concurrently.

On February 21, 2019, the Fourth Circuit affirmed the conviction for Count 1, but reversed those for Counts 2 and 4, and remanded the case for resentencing. The guideline range remains at 360 to 720 months of incarceration. The relevant conduct remains unchanged.

As this Court wrote, because the sentence on Count 1 was not affected by the appellate decision, "there would be no change to the sentence for Count 1." Dkt. 242, at p.2.

The reasons for the Court's sentence in February 2018 remain the same today.

Nicholas Young attempted to support the Islamic State by sending it money. He sent the money for the purpose of enabling the Islamic State to bring more murderers to its service. He

failed to achieve his goals through no second thoughts on his part, but only because the person to whom he sent the money turned out to be a government agent.

The unfortunate fact is that Young has an attraction to barbarians who - - as he well knew - - prided themselves on murder, torture, and enslaving girls and women.  Even if for no other reason, a term of 180 months of incarceration should be reimposed against him to protect the public from the possibility that the next time someone solicits his help in furthering the goals of depraved barbarians, it will not be the FBI doing so in an undercover capacity.

Through his conduct, Young attempted to strike at the heart of the safety of our community and nation - - a community and nation that he swore, as a law enforcement officer, to protect.  As we stated at the initial sentencing in this case, there is no antidote to the unfathomable bloodlust and attraction to depravity deep within him.  As a result, only a long term of imprisonment can promote respect for the law; reflect the seriousness of the offense; afford adequate deterrence to criminal conduct; protect the community; and provide just punishment for his offense.  Accordingly, the Court should impose the same sentence to incarceration (and supervised release) that it initially did in 2018.

    Respectfully submitted,

    G. Zachary Terwilliger
    United States Attorney

    John T. Gibbs
    Assistant United States Attorney

    _____/s_____
    Gordon D. Kromberg
    Assistant United States Attorney
    Virginia Bar No. 33676
    Attorney for the United States
    2100 Jamieson Avenue
    Alexandria, VA  22314
    (703) 299-3700
    (703) 837.8242 (fax)
    gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically filed the foregoing POSITION OF THE UNITED STATES WITH RESPECT TO RESENTENCING with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

      /s_____
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov